FILED
SUPERIOR COURT
OF GUAM

2021 MAY 20 AM 9: 10

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | Criminal Case No. CF0010-20 |
|---|---|
| v. | GPD Report No. 20-00776 |
| JEFFERSON POCHON, | DECISION AND ORDER |
| *aka* Jefferson Pwechar | FINDING DEFENDANT |
| DOB: 05/14/1982 | NOT COMPETENT TO STAND TRIAL |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 7, 2021 for a Competency Hearing. Assistant Attorney General Rolland Wimberley represents the People, and Attorney John Terlaje represents Jefferson Pochon (*aka* Jefferson Pwechar) ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **finds the Defendant not competent to stand trial**.

## BACKGROUND

On January 8, 2020, Defendant was arrested and charged with (1) Assault on a Peace Officer (as a 3rd Degree Felony) and (2) *Three Counts* of Criminal Trespass (as a Misdemeanor). Indictment (Jan. 17, 2020). The Defendant subsequently pled Not Guilty by Reason of Insanity, Mental Illness, and Mental Defect ("NGRI"). Minute Entry (Jan. 23, 2020).

Following his arrest, the Defendant was ordered to stay at the Guam Behavioral Health & Wellness Center ("GBHWC") where he was assessed. Commitment Order (Jan. 10, 2020). The Defendant admitted to audio hallucinations and evaluating clinician Dr. Ione De Jesus diagnosed Defendant with Schizophrenia, an Intellectual Disability, and Alcohol Abuse. GBHWC Letter (Jan. 17, 2020).

Decision and Order Finding Defendant Not Competent to Stand Trial
CF0010-20, *People of Guam v. Jefferson Pochon*
Page 1 of 3

Pursuant to 9 G.C.A. §7.25, the Client Services and Family Counseling Division of the Superior Court of Guam ("CSFC") arranged for Defendant to undergo a forensic evaluation with a qualified psychologist. Order for Forensic Evaluation (Jan. 23, 2020). Defendant underwent his forensic evaluation with Dr. Juan M. Rapadas on October 9, 2020. Forensic Evaluation at 2 (Oct. 23, 2020). Dr. Rapadas concluded that Defendant was incompetent to stand trial and that his competency could not be restored any time soon. Id. at 6-8.

The Court held a hearing on May 7, 2021 to determine Defendant's competency to stand trial.

## DISCUSSION

"A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness... he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 G.C.A. § 7.37(a)(1)-(4).

The Defendant's behavior throughout the forensic evaluation indicated that he was not mentally sound. The Defendant would "mumble his answers" and demonstrated an "inability to be oriented to time and historical events in his life." Id. At 3. The Defendant did not know his age, birthday, or the current date. Id. At 3-5. Defendant also reported auditory hallucinations / voices, and displayed "poor" general knowledge, judgment, and insight skills. Id. At 4-5.

The Defendant also completed multiple assessments concerning his cognitive abilities, language skills, memory, and attention as part of his forensic evaluation. Id. At 6. Defendant scored only in the 2nd percentile when Dr. Rapadas administered him a TONI-4 IQ Test of Non-Verbal Intelligence; which is "extremely low" and places Defendant firmly in the "intellectually disabled range". Id. At 6. Defendant also scored a 10/30 on his Mini-Mental Status Exam ("MMSE"), which demonstrates "clear evidence of cognitive, memory, language, and/or executive functioning impairment." Id. At 6.

Defendant's understanding of the criminal proceedings was also deficient. Defendant "does not appear to fully understand the judicial process or even the charges leveled against him." Id. at

Decision and Order Finding Defendant Not Competent to Stand Trial
CF0010-20, *People of Guam v. Jefferson Pochon*
Page 2 of 3

6. Defendant could not recall the incident leading to his arrest, does not know his lawyer or judge's name, and could not articulate the roles these courtroom personnel play in the judicial process. Id. at 6. Defendant's severe intellectual disability also substantially hinders whether he can even comprehend and understand any legal advice given to him. Id. at 6.

The Defendant is currently incompetent, and Dr. Rapadas believes Defendant will never regain his cognitive abilities. Court Recording at 11:23:45 (May 7, 2021). This is because of Defendant's extremely low base-line level of competency, and because of numerous permanent head and neurological injuries Defendant suffered while growing up. Forensic Evaluation at 4 (Oct. 23, 2020).

Taking all data in total, Defendant is currently not competent to be proceeded against nor to be sentenced. As Dr. Rapadas laid out in his report, Defendant does not understand the judicial process and is unable to assist, understand, or adequately communicate with his counsel to prepare a defense. Id. at 6. This understanding, combined with Defendant's poor TONI-4 IQ Test and MMSE Test results, indicate that Defendant is not competent to be proceeded against.

## CONCLUSION

For the reasons stated above, the Court finds the Defendant not competent to stand trial. The Defendant's case will be transferred to Mental Health Court for disposition.

**IT IS SO ORDERED** this ___May 20, 2021___ *nunc pro tunc* May 7, 2021.



**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, John Terlaje

Date: 5/20/21 Time: 10:54am.
Antonio CM
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Finding Defendant Not Competent to Stand Trial
CF0010-20, *People of Guam v. Jefferson Pochon*
Page 3 of 3